UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QASHONTAE HOLSOMLA SHORT-
BRUNDIDGE,

     Plaintiff,

v.

COLUMBIA DEBT RECOVERY LLC
DBA GENESIS,

     Defendant.

Case No. 25-14072
Honorable Laurie J. Michelson

_____

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA
PAUPERIS [2] AND DIRECTING SERVICE IN PART**

_____

In 2023, QaShontae Holsomla Short-Brundidge got a job in Denver, Colorado with FedEx, which required her to relocate from Michigan to Colorado "almost immediately." (ECF No. 1, PageID.5.) So Short-Brundige looked to relocate.

Several things went wrong in the process. First, she applied for a new apartment in Denver and paid a deposit for a unit. (*Id.*) But upon learning she would not "income qualify" for the unit, she withdrew her application and requested a deposit refund. (*Id.*) Despite being told her deposit would be refunded if her application was denied "for any reason," her deposit was never returned to her. (*Id.*) She sues "Parkfield" (which appears to be the apartment complex she applied to), Greystar (a property management company), and two individuals apparently employed by Parkfield and/or Greystar—Jordan Rosenberg and Martha Garcia. (*Id.* at PageID.2.)

Unable to secure housing in Denver, Short-Brundige returned to her residence in Michigan, which she shared with a relative, Corey Short. (*Id.*) But when she returned to Michigan, she found the locks changed. (*Id.*) She felt this was improper because Corey Short had previously "stated he was going to place the house in [Short-Brundige's] name." (*Id.*)

Then, in November 2023, Short-Brundige received a debt notice from Greystar property management alerting her that she "owed money," apparently related to a Colorado apartment that she never moved in to. (*see id.*) And on March 2, 2023, she received a move-out notice. (*Id.*) At some point, Genesis, a debt collector, began sending Short-Brundidge collection notices related to this supposed apartment. (*Id.*) So Short-Brundidge sent a "demand letter" to Genesis directing them to stop contacting her regarding this debt, to no avail. (*Id.*) To this day, "[e]very time" Short-Brundidge applies for housing, she receives an email from Gensis debt collection. (*Id.*) So she sues Greystar Property Management and Genesis (Columbia Debt Recovery LLC, d/b/a Genesis) to stop the continued contacts and inaccurate debt reporting.

Finally, Short-Brundige offers her theory of how all these things happened—several of her relatives formed a RICO conspiracy to harm her. (*Id.*) Short-Brundidge's reasons for why these people have sought to steal her identity and render her homeless are not entirely clear, but they appear to relate to Short-Brundidge's ongoing housing issues. (*Id.*)

In December 2025, several years after Short-Brundidge's troubles began, she filed the present case, seeking, among other things, relief against her relatives,

including: that her background check be restored to the way it was "before her mother, grandmother, and grandfather" died, that she be given a home, and that her relatives "receive a felony on their record or sent to prison for a decent [sic] amount of time for the deliberate, hate and malicious torture of myself and my son." (*Id.* at PageID.6.) More conventionally, she also seeks a refund of the deposit from Greystar to stop the erroneous debt collections, to remove this debt from her credit report, and an award for the pain and suffering she incurred as a result. (*Id.*)

For the reasons that follow, the Court grants Short-Brundidge's application to proceed without prepayment of fees and costs (ECF No. 2), orders service of her claims against Defendants Columbia Debt Recovery, LLC d/b/a Genesis and Greystar, and dismisses her claims against Defendants Kendra Giles, Brett Gray, Parkfield, Jordan Rosenberg, and Marth Garcia (ECF No. 1).

## I.

Along with her complaint, Short-Brundidge filed an application to proceed without prepayment of filing fees and costs (ECF No. 2.) Therein, Short-Brundidge reports that she is unemployed and relies solely on a monthly disability benefit. (ECF No. 2, PageID.15.) So the Court grants her application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1).

## II.

When the Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility to screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

3

monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A *pro se* litigant is entitled to a liberal construction of her pleadings and filings. *See Cassaday v. Verizon Media Inc.*, No. 25-1237, 2025 U.S. App. LEXIS 16682, at *4 (6th Cir. July 8, 2025) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *Hardy v. Ionia Corr. Facility*, No. 25-563, 2025 U.S. Dist. LEXIS 102811, at *1 (W.D. Mich. May 30, 2025) ("The Court must read Plaintiff's pro se complaint indulgently").

Notwithstanding the liberal construction that *pro se* pleadings are entitled to, a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019) ("To assess whether a complaint fails to state a claim under [ § 1915] we apply the familiar standards of Rule 12(b)(6)"); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'") (citations omitted). Facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Short-Brundidge has met this threshold for some of her claims, but fails for others.

## A.

First, the deficiencies in her claims. Short-Brundidge's claims against her relatives and "stalkers," Defendants Kendra Giles and Brett Gray, are plainly insufficient. As to Gray, Short-Brundidge's sole allegation is that she has "reason to believe" that Gray, alongside some non-party others, have "formed" a "RICO." (ECF No. 1, PageID.5.) As to Giles, Short-Brundidge alleges this supposed stalker "could be" retaliating against her and another woman because they "both have worked for Hurley Medical Center" and have owned real estate that Giles may have been interested in. (*Id.*) She adds that she "believes" Giles is "known for living in abandoned houses" and speculates that "somehow they" (without specifying who "they" are) "are entering these homes and squatting and attempting to claim the homes for themselves." (*Id.*)

None of these allegations of what "could be" or what Short-Brundidge "believes" present a cognizable claim for relief, let alone a plausible one. Indeed, her conclusory assertions verge on frivolousness. Short-Brundidge's complaint is wholly devoid of any factual details or allegations that explain how or why Giles or Gray would have reason to retaliate against her, how they have done so, or why Giles's supposed misconduct against third parties or alleged squatting would amount to a cause of action acquired by Short-Brundidge. The confounding nature of these claims is bolstered by the unusual relief she seeks in remedy. Short-Brundidge requests,

without any explanation as to how or why these damages arise from *any* named defendant, that her criminal record be wholly cleared, that she be given "a house" (any house, apparently), and that "all" her relatives who conspired against her be convicted of a felony or sent to prison. (*Id.* at PageID.6.) But critically, she does not explain which relatives conspired against her, or how, or why, and what the resulting harm to her was. So the Court dismisses Short Brundidge's claims against these Defendants Kendra Giles and Brett Gray in their entirety.[1]

Short-Brundidge's complaint is similarly deficient as to Defendants Parkfield, Jordan Rosenberg, and Martha Garcia. (ECF No. 1, PageID.2.) It appears that Parkfield may be the name of the apartment building Short-Brundidge applied to in Colorado, and the two individuals may be employees of that complex. (*See id.* at PageID.2.) But factual allegations against these Defendants appear nowhere in the complaint. (*See id.* at PageID.5.) In fact, her allegations do not even mention them.

---

[1] The Court notes that throughout the body of her complaint, Short-Brundidge names several other relatives who have supposedly participated in the conspiracy against her. (ECF No. 1, PageID.5.) And her request for damages seeks relief against "all relatives" who apparently wronged her. (*Id.* at PageID.6.) But Giles and Gray are the only relatives she names as defendants. Even if the relatives identified in the complaint *were* named as defendants, the Court would dismiss them, too, because Short-Brundidge's claim of a widespread RICO conspiracy is equally fanciful as to each participant she implicates. *See Hubbard v. Select Portfolio Servicing, Inc.*, 736 Fed. Appx. 590, 593 (6th Cir. 2018) (explaining that "[t]o state a RICO claim, [plaintiff] needed to plausibly allege: (1) the existence of an enterprise engaged in interstate or foreign commerce, or one affecting it; (2) the commission by members of the enterprise of two or more predicate offenses (those listed in 18 U.S.C. § 1961(1)); (3) a nexus between the enterprise and the predicate offenses; and (4) an injury to [plaintiff's] business or property that the enterprise and its racketeering activity caused" and finding that plaintiff "never outlines the elements of a RICO claim, and he never explains how his proposed amended complaint plausibly states such a claim").

(*Id.*) Because Short-Brundidge has failed to state an actual claim against these defendants, the Court dismisses Short-Brundidge's claims against Defendants Parkfield, Jordan Roseberg, and Martha Garcia in their entirety.[2]

## B.

There are, however, two Defendants whose conduct Short-Brundidge has described with more clarity: Columbia Debt Recovery LLC d/b/a Genesis, and Greystar. While inartful, Short-Brundidge does allege that Greystar failed to return Short-Brundidge's application deposit in violation of some policy or contract (*id.* at PageID.5–PageID.6), and that Genesis has improperly pursued erroneous debt collections against Short-Brundidge, despite requests to stop the contacts. (*Id.*) So the Court will direct service on these Defendants.

## III.

For the reasons above, the Court GRANTS Short-Brundidge's application to proceed without prepayment of filing fees and costs (ECF No. 2) and PERMITS service of the complaint on Defendants Columbia Debt Recovery, LLC d/b/a Genesis and Greystar, but DISMISSES the claims against Defendants Parkfield, Jordan Rosenberg, Martha Garcia, Kendra Giles, and Brett Gray. (ECF No. 1).

IT IS SO ORDERED.

Dated: February 13, 2026

---

[2] Short-Brundidge does attach, without explanation, what appear to be screenshots of emails between herself and Jordan Rosenberg as exhibits to her complaint. (*See* ECF No. 1, PageID.14.)  But this brief email exchange by itself remains insufficient to state a plausible claim for relief against him.

Dated: February 13, 2026          s/Laurie J. Michelson
                                  LAURIE J. MICHELSON
                                  UNITED STATES DISTRICT JUDGE

8