UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QASHONTAE HOLSOMLA SHORT-
BRUNDIDGE,

      Plaintiff,

v.

COLUMBIA DEBT RECOVERY LLC
DBA GENESIS,

      Defendant.

Case No. 25‑14072
Honorable Laurie J. Michelson

## ORDER DISMISSING COMPLAINT [1]

On February 13, 2026, the Court granted Short-Brundidge's application to proceed without prepayment of filing fees (ECF No. 2) and screened her complaint, dismissing defendants Parkfield, Jordan Rosenberg, Martha Garcia, Kendra Giles, and Brett Gray from the action. (ECF No. 6.) Shortly thereafter, the Court ordered Short-Brundidge to complete and present to the Clerk's Office, within 14 days, the documents and forms necessary for the U.S. Marshals to complete service on the remaining defendants. (ECF No. 7.) But over a month passed without any action by Short-Brundidge.

So the Court issued an order instructing that "by April 2, 2026," Short-Brundidge was to submit the following forms to the Court Clerk's Office: "One (1) copy of the complaint for each defendant; Two (2) USM 285 forms for each defendant; Three (3) summonses for each defendant," or her complaint would be dismissed. (ECF

No. 9, PageID.33 (citing Federal Rule of Procedure 41(b) and Eastern District of Michigan Local Rule 41.2).)

Short-Brundidge's April 2, 2026, deadline has now passed without any response. In fact, Short-Brundidge has taken no action in her case since she filed her complaint and *in forma pauperis* application on December 16, 2025. (ECF Nos. 1, 2.) So she is now also in violation of Rule 4(m)'s 90-day time limit for service of process. *See* Fed. R. Civ. P. 4(m) (prescribing that, within 90 days of filing her complaint, a plaintiff must either serve defendants or show "good cause for the failure" and that, if the plaintiff does neither, the Court "must dismiss" her action without prejudice as to the unserved defendants); (*see also* ECF No. 8, PageID.30 (explaining Rule 4(m)'s requirement of timely service of process).) Although Short-Brundidge's address with the Court appears out-of-date (ECF Nos. 5, 8, 10), she was advised at the outset of the case of her obligation to notify the Court of any change in address. (ECF No. 4.) So this does not excuse her failure to prosecute the case.

Short-Brundidge has thus failed to show the Court why her case should not be dismissed for lack of prosecution or for her failure to abide by the Court's prior orders (ECF Nos. 7, 9). Accordingly, Short-Brundidge's case is DISMISSED.

SO ORDERED.

Dated: April 3, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

2